## Case No. 10,560.

In re OREGON BULLETIN PRINTING & PUB. CO.

[3 Sawy. 529; 14 N. B. R. 394; 8 Chi. Leg. News. 143.] [1]

Circuit Court, D. Oregon. Dec. 14, 1875.

PROCEEDING IN BANKRUPTCY — NATURE OF — REVIEW—STAY OF PROCEEDINGS—CASES AND QUESTIONS IN BANKRUPTCY—DIFFERENCE BETWEEN.

1. A proceeding to have a debtor adjudged a bankrupt is substantially an action at law, and terminates with the final judgment on the petition or verdict therein; and the subsequent proceedings to ascertain and distribute the estate

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 8 Chi. Leg. News. 143, contains only a partial report.]

of the bankrupt are merely consequent upon such action, but no part of it.

2. Such an action is a case at law, and the proceedings therein cannot be reviewed in the circuit court until after final judgment therein; and if the case, by the election of the defendant, becomes triable by jury, it cannot be reviewed otherwise than upon a writ of error.

3. A stay of proceedings in bankruptcy in the district court, is in the discretion of the circuit court, and ought not to be granted where it does not appear that the rights of the defendant will be prejudiced or seriously endangered, if the plaintiff is allowed to proceed to final judgment in the court below.

4. Semble, that all the appellate jurisdiction of the circuit courts in bankruptcy is conferred upon them by section 4986 of the Revised Statutes and that section 4980 of said Revised Statutes, to section 4984, inclusive, do not confer any such power, but only regulate its exercise; that the terms cases and questions are used in section 4986 in contradistinction to one another; that a case in bankruptcy, whether at law or equity, is only reviewable in the circuit court according to the mode prescribed in ordinary actions at law or suits in equity; and that the appellate jurisdiction, which the circuit courts may exercise upon bill or petition, is confined to the review of the action of the district courts upon isolated questions arising in the proceedings subsequent to an adjudication in bankruptcy.

[This case was first heard upon motion to strike out certain denials in the defendant's answer as irrelevant. Case No. 10,558. After this an adjudication in bankruptcy founded on verdict of a jury was had. Id. 10,559. It is now heard upon] rule to show cause why the proceedings in the district court should not be stayed pending a petition for review in the circuit court.

H. Y. Thompson and W. Lair Hill, for plaintiff.

Joseph N. Dolph and Joseph Simon, for defendant.

DEADY, District Judge. On September 10, 1875, Blake, Robbins & Co. and others, filed a petition in bankruptcy against the Oregon Bulletin Printing and Publishing Co., a corporation duly formed under the laws of Oregon. On September 21, the corporation filed a statement, in writing, denying "That a sufficient number of creditors had signed such petition," and also a denial of the acts of bankruptcy, and a demand for a trial by jury, as well as an answer denying the allegations of the petition.

On September 28, the corporation moved the court to award a venire facias to the marshal of the district, returnable before him for the trial of the facts set forth in the petition as provided in section 14 of the act of June 22, 1874 (18 Stat. 182), which motion, after argument, was denied by the district court.

On November 1, the petitioning creditors moved to strike out the statement in writing aforesaid, denying that a sufficient number of creditors had signed the petition, and also an allegation to the same effect in the answer of the corporation, because the same were

irrelevant, which motion, after argument, on November 18. was allowed.

On November 22, the corporation filed a petition in this court, under section 4986 of the Revised Statutes. for a review of these two orders, and thereupon, in pursuance of the prayer of the petition, the court made an order requiring the petitioners to appear in this court and answer the petition within four days after the service upon them of a copy of such order, and also then and there to show cause why they should not be restrained from proceeding upon their petition in bankruptcy, pending this proceeding for review.

Upon the day appointed, December 1, the petitioners appeared and showed cause against a stay of proceedings, and the court took the same under advisement. The superintendence and jurisdiction conferred by section 4986 of the Revised Statutes extends to both cases and questions arising in the district court when sitting as a court of bankruptcy, and unless "special provision is otherwise made," it may exercise such jurisdiction by bill or petition of any party aggrieved. and "hear and determine the case as in a court of equity." By section 4980. Id. "special provision" is made for exercising this revisory jurisdiction in all "cases in equity" and all "cases at law" by a regular appeal or writ of error.

A proceeding by a creditor to have a debtor adjudged a bankrupt, is a case within the ordinary meaning of the term. It is a contest carried on before a court, between parties plaintiff and defendant, according to a form prescribed by law for the purpose of obtaining the judgment of the court upon a matter in controversy between them. Osborne v. U. S. Bank, 9 Wheat. [22 U. S.] 819. The proceeding is not only a case, but, by all analogies, it is a case at law. By it legal rights are to be ascertained and determined in contradistinction to equitable ones. by the intervention of a jury and in a mode otherwise analogous to the course of the common law. Parsons v. Bedford, 3 Pet. [28 U. S.] 446. In a proceeding or action to have a debtor declared a bankrupt, the pleadings in the district court are in no wise substantially different from those in an ordinary action at law. and the questions arising in it are such as usually occur in such an action. As was said by the supreme court in Knickerbocker Ins. Co. v. Comstock, 16 Wall. [83 U. S.] 268, in discussing the nature of this proceeding. "the process, pleadings and proceedings must be regarded as governed and controlled by the rules and regulations prescribed in the trial of civil actions at common law."

This action or case is commenced by the filing of the petition, and terminates with the judgment of the court that the debtor is or is not a bankrupt. In re Comstock [Case No. 3,077]. If, by the judgment of the court, the debtor is declared a bankrupt, then, as was said in that case, while "the action has passed into final judgment," there "may fol-low long and complicated proceedings in the court concerning the settlement and distribution of the bankrupt's estate, but these are only consequences or incidents of such final judgment." When this judgment is pronounced the case, so far as the district court is concerned, is at an end. and may be reviewed by the circuit court in the manner prescribed by law. If it has been tried with a jury the case can only be reviewed upon a writ of error, as in other cases at law. This has been expressly decided by the supreme court in Morgan v. Thornhill, 11 Wall. [78 U. S.] 65, and in Knickerbocker Ins. Co. v. Comstock. 16 Wall. [83 U. S.] 268. If this case is tried by the court without the intervention of a jury, as it may be with the assent of the defendant, implied from his failure to demand one, still it is a case, and a case at law. but according to a dictum in Morgan v. Thornhill, 11 Wall. [78 U. S.] 79, it may be reviewed on bill or petition. But if the review in the circuit court upon this process is confined to errors of law, the difference between it and a writ of error is only nominal. Ordinarily a case. whether at law or in equity, cannot be reviewed in an appellate court before a final judgment in the lower one. At common law, or in equity, a writ of error or an appeal is only allowed after final judgment in the court below, and this rule is applicable to the exercise of the jurisdiction conferred on the circuit courts by section 4986 of the Revised Statutes, unless the statute otherwise provides. No such provision has been shown or suggested in regard to the appellate or supervisory jurisdiction over cases mentioned in said section 4986. It is said the jurisdiction is comprehensive, and that it would be "difficult to use language capable of conferring a more complete supervision over all the proceedings of the district court in bankruptcy." That may all be. and still it does not follow that this supervisory jurisdiction can, or ought to be. invoked to the manifest delay of justice, at every step in the progress of a case or disposition of a question, in the district court.

This being a case at law, to be tried on the demand of the defendant with a jury. all questions of law which arise in the progress of it and are material to a correct determination of it, may be reviewed by the circuit court. but only upon a writ of error after final judgment declaring the corporation a bankrupt or not. If the law were otherwise every single ruling of this court in the progress of this case, from the filing of the petition to the final judgment upon it, including the trial of challenges to each juror and the admission or rejection of evidence could be made the ground for a separate petition for review and a stay of proceedings. The bare statement of the proposition seems to carry with it its own refutation. Such a practice would enable the defendant to protract the proceeding beyond the endurance of ordinary. mortals, if not their lives, and would amount

to a denial of justice. For instance, in the progress of this case, it would be easy to raise a hundred or more separate questions for review. Supposing that a stay of proceedings is allowed in each instance, and supposing each petition for review to be heard at the following term of the circuit court, it would take at least thirty-three years, or the time of an average generation, to dispose of the case. But this is not all, for, with a reasonable exercise of ingenuity and perversity, these questions for review could as well be doubled in number as not.

In the construction of the statute of bankruptcy, in my judgment, care should be taken to assimilate the proceedings under it, as much as possible, to known and established modes at law and in equity. All mere arbitrary distinctions in procedure, are but unnecessary hindrances to the speedy and cheap administration of justice, and should be discountenanced and avoided. The appellate jurisdiction of the circuit court in bankruptcy is conferred upon it by section 4986 of the Revised Statutes. By section 4980, Id., special provision is made that such jurisdiction in cases in equity and at law shall be exercised by an appeal or writ of error. This extends to all cases in equity and at law, and should be construed to include every proceeding under the statute which contains the substantial elements or characteristics of a case as distinguished from a mere question litigated by a summary proceeding or on a motion.

The residue of this jurisdiction is to be exercised as provided in said section 4986, upon bill or petition, "as in a court of equity." By this means the court reviews the action of the district court in the disposition of a great variety and number of questions which arise after the judgment upon the petition, in the settlement and distribution of the bankrupt estate. But by analogy to the proceedings in ordinary cases, and in the absence of any provision of the statute directing otherwise, this appellate jurisdiction cannot be invoked before the case or question is finally decided in the lower court. No case has been found where a petition for review has been acted on, before a final judgment upon the petition in bankruptcy; and only two cases have been cited where such petition has been proposed or filed before such judgment. In the one, Adams v. Boston & E. Ry. Co., [Case No. 47], there was a motion to dismiss the petition upon the ground that the bankrupt act did not apply to railway corporations. Why there should have been a motion to dismiss rather than a demurrer to the petition is not stated. Ordinarily where a defendant denies the jurisdiction of the court before whom he is cited, he does so by a demurrer or plea in abatement to the plaintiff's pleading—by the former, if the want of jurisdiction appears on the face of such pleading, and if not, by the latter.

However, the motion to dismiss being denied, it was suggested by counsel that a petition for review might be filed in the circuit court, and the question was asked if such filing would operate as a stay. The district judge assuming that the petition might be filed, answered that it would not operate as a stay. It does not appear that any petition was filed, and there is no ground to claim that this case decided the question, whether a petition for the review of the decision on a question arising in the progress of an action in bankruptcy, will lie before final judgment therein. Besides, it does not appear that there was any demand for a jury or defense made in that case; and it might well have been considered, in all that was there said, that judgment would pass against the corporation as a matter of course after the denial of the motion to dismiss, and that the proposed petition for review and stay of proceedings would follow rather than precede this judgment.

In the second one, Sweatt v. Boston, etc., Ry. Co. [Case No. 13,684], it appears, also, there was a motion to dismiss the petition upon the same ground as in Adams v. Boston & E. Ry. Co., supra, which being denied, a petition for review was filed in the circuit court, and afterwards withdrawn, whereupon the corporation was by consent adjudged a bankrupt in the district court. Neither was there any decision of the question under consideration in that case. True, it appears that a petition for review was filed in the circuit court, and that no further proceedings were had in the case until the withdrawal of the petition for review, but for aught that appears this was the result of an arrangement or the non-action of counsel. As in the case last cited, there was no demand for a jury or defense made, other than the motion to dismiss, and it might have been thought convenient by counsel to have the question made thereon reviewed at once, as, apparently, that was the only defense to the action. At all events, it does not appear that the matter was in any way ever considered by the court. On the argument, it was urged by counsel for the corporation that it would be a great inconvenience for the defendant, being a corporation, to be compelled to submit to a trial of the action in bankruptcy and thereby expose its private affairs, and therefore it was claimed that there ought to be a review of the orders complained of before final judgment and a stay of proceedings in the meantime, so that if it should be held by the circuit court that the district court had erred in making the same, such inconvenience might be avoided. But this inconvenience, so far as it is one, is imposed upon the defendant in all ordinary actions at law or suits in equity. In such cases, whatever the defense may be, and however much of the private affairs of the defendant may be involved in the litigation, he must submit to a final judgment with or without a trial upon the facts, before he can

claim a stay of proceedings or a review of the judgment of the court below in regard to any question in the case. On the score of inconvenience, it is not apparent why the mode of proceeding in this respect in an action in bankruptcy should be different from that which obtains in ordinary actions. Certainly the affairs of a delinquent debtor are not more sacred or exempt from investigation because it is also alleged that he is bankrupt. Nor is there any reason known or suggested to the court why the affairs of a corporation are of any more importance or entitled to any more privacy than those of an individual. As was said by this court in Newby v. Oregon Cent. Ry. Co. [Case No. 10,144]: "There is no divinity that doth hedge about the affairs of a corporation so as to preclude a judicial investigation of the facts concerning it, whenever and wherever such investigation becomes material to the determination of the rights of third persons."

Under the circumstances, the rulings sought to be reviewed having been made by me in the district court, and notwithstanding these views of the law, sitting here in the circuit court, I have, as stated, assumed that the petition for review would lie in this case and at this stage of the proceedings, so far as to make the order necessary to bring the plaintiffs in bankruptcy into this court, and require them to answer it. So much seemed necessary to be done by me in order to enable the defendant in bankruptcy to get the matter before this court; for as appears by section 4986 of the Revised Statutes, the appellate jurisdiction therein conferred cannot be exercised by either the circuit justice or judge of the circuit, unless he is here in court or it is in vacation. It is not usual to have a vacation in the circuit court in this district, nor is it likely that either such justice or judge will sit in this court before the next term thereof, which begins in April next.

But to grant a stay of proceedings is quite another thing. A party is not, in my judgment, entitled to a stay of proceedings of course, because he is entitled to maintain a petition for review. The power to stay proceedings in the district court, pending a review in this, is a matter in the discretion of the court, and it ought not to be exercised unless it is shown that the plaintiff in the review will otherwise be prejudiced or seriously endangered in his rights.

In this case, the defendant in bankruptcy cannot be prejudiced in his rights by allowing the action in bankruptcy to proceed to trial and final judgment in the court below. It has denied by its answer, duly verified, all the material allegations of the petition in bankruptcy. So far as it is concerned, it may be presumed that upon the trial it will obtain a verdict and a judgment in bar of the action. In this view of the matter, its rights cannot possibly be prejudiced or endangered. If, on the other hand, the trial should result in a verdict and judgment for the plaintiff in

bankruptcy, the defendant will then be entitled to have the whole case reviewed in this court on a writ of error and to a stay of proceedings in the meantime, as a matter of course. Although some of the positions advanced or suggested in the course of this opinion may prove untenable, it seems very plain that at least the action to have the corporation adjudged a bankrupt is a case at law, and that when, by the election of the defendant therein, it became a case for trial by jury, thereafter, the action of the district court upon any question arising in the progress of it can only be reviewed according to the ordinary mode in actions at law, namely, upon a writ of error from this court after final judgment in the court below; also, that, even admitting that the case in the district court may be reviewed in this court upon petition after final judgment therein, or upon any question arising in the progress thereof, so soon as the district court has passed upon the same, still a stay of proceedings, pending such review, is in the discretion of the court, and ought not to be granted where it is not shown or does not appear that the defendant will be prejudiced or seriously endangered in his rights, if the plaintiff is allowed to proceed to final judgment in the court below.

The rule to show cause is discharged and the application for a restraining order denied.

[For subsequent proceedings in this litigation, see Case No. 10,561.]